# In the United States Court of Federal Claims

No. 16-346C
(Filed: August 12, 2024)

* * * * * * * * * * * * * * * * * * * * * * *

GEOSPATIAL TECHNOLOGY
ASSOCIATES, LLC,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant.*

* * * * * * * * * * * * * * * * * * * * * * *

### ORDER

    Pending are seven motions *in limine*, five from plaintiff and two from defendant. These motions were originally stayed pending resolution of dispositive motions from both parties. One result from the disposition of those motions is that two of the motions *in limine* were rendered moot. Those are plaintiff's motion *in limine* number 4 (ECF No. 405) and number five (ECF No. 412). Also pending is defendant's response (ECF No. 456) to plaintiff's revised pretrial memorandum and damages report, in which defendant renews its objection to the damages report and seeks its exclusion along with portions of plaintiff's pretrial memorandum. We deal with that request and with the remaining motions *in limine* below.

I. Plaintiff's Motions

    We begin with plaintiff's motions, which are largely aimed at insufficient disclosures of prior art in defendant's preliminary invalidity contentions. Local Patent Rule 6 requires defendant to serve a Preliminary Disclosure of Invalidity Contentions which should include, *inter alia*, all of the prior art intended to be relied upon to prove obviousness and "a description of where, in each alleged item of prior art, each element of each asserted claim is found." RCFC Patent Rule 6(a)(4). Subsection b further

1

requires "an explanation of how each item of prior art, or combination thereof, anticipates each asserted claim and/or renders it obvious. *Id.* § (b). The patent rules in this regard supplement and enhance the general pleading requirements to require the parties to concretize their infringement and invalidity contentions early in the litigation process. *See Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (stating that the purpose of local patent rules is to force the early "crystallization" of the parties' theories in order to avoid shifting claim constructions). Though the rules allow for amendment, with leave of court, the aim of these rules is to focus the litigation and avoid surprise issues and piecemeal litigation. *Id.* Patent Rule 23 clarifies that the duty to supplement set out in Rule 26 applies to all disclosures mandated by the patent rules.

**Plaintiff's Motion *in Limine* #3**

Plaintiff's motion *in limine* number 3 asks the court to exclude a number of defendant's exhibits at trial because they were either entirely undisclosed in the preliminary invalidity contentions or were not disclosed with the detail necessary to conform to Rule 6 (mapping where in the prior art the limitations of the patent are disclosed). Plaintiff argues that it was prejudiced by these omissions because nowhere else in the government's pleadings, fillings, or expert reports is sufficient detail given as to how these documents might be used as prior art. Plaintiff thus argues that it is at a loss in preparing for trial regarding these documents.

Defendant for its part, responds that plaintiff has neither shown any basis for exclusion in the rules nor any prejudice if the government uses these exhibits at trial. It points out that plaintiff has known of these references, most of which are relevant to the question of motivation to combine, since Mr. Stocker's expert report, defendant's summary judgment briefing on validity, and defendant's technological primer to the court. Defendant also highlights that plaintiff has had the opportunity to respond to that briefing, depose Mr. Stocker, and to file a rebuttal report on the validity issues, including motivation to combine. It thus urges that there is no harm to plaintiff.

We agree with plaintiff that defendant may not use the exhibits identified in plaintiff's motion *in limine* number 3 as prior art refences to prove obviousness because they were not disclosed in the government's preliminary invalidity contentions. They may be used for other purposes, however, as explained below.

Defendant is wrong that the court's rules provide no basis for

2

exclusion.  Patent Rule 23 incorporates the RCFC 26 duty to supplement disclosures, and Patent Rule 24 clarifies that the duty to supplement does not obviate the need to seek leave of court and to show good cause to do so.  RCFC 26(e) in turn requires parties to "supplement or correct" disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete . . . , and if the additional information . . . has not otherwise been made known to the other parties during the discovery process or in writing."  RCFC 26(e)(1)(A).  If a party fails to do so, Rule 37(c) provides that the failing party is not allowed to use that information at trial "unless the failure was substantially justified or is harmless."  Thus, if these exhibits are not disclosed in the preliminary invalidity disclosures or otherwise made known to plaintiff with the particularity required by Patent Rule 6, they may not be used at trial as prior art.[1]

      There is no dispute that these exhibits were not listed in the government's invalidity contentions nor in any supplement to it.  Defendant argues that any failure was harmless because plaintiff has been on notice that Mr. Stocker would rely on certain gas plume references in support of his opinions regarding a motivation to combine.  We agree on that point, as far as it goes.  Plaintiff has certainly been on notice that Mr. Stocker believes that the hyperspectral imaging community was moving towards using this technology for solid state target identification.  That is no surprise.  To the extent that defendant intends to introduce these exhibits to support that more limited point, it may do so.  It may not, however, introduce them at trial as prior art references nor rely upon them in any way to prove any elements or limitations of plaintiff's patent as having been disclosed before the patent's priority date.

**Plaintiff's Motion in *Limine* #6**

      Plaintiff's motion *in limine* number 6 is similar in that it challenges the use of one particular prior art reference, a technical paper authored by Pierre V. Villenueve, et. al.[2]  The parties refer to this piece as the "*Villenueve* reference."  It has been numbered for trial as DX 95.  Plaintiff argues that, as with the gas plume references above, it was not sufficiently disclosed and that it is not prior art because the court's earlier determination of the patent's

---

[1] The defense has not offered any justification for not including these exhibits in its invalidity contentions.

[2] It is titled Hyperspectral Sub-Pixel Target Identification using Least-Angle Regression.

priority date either does not apply to claim 5 or that it was incorrectly decided. We agree on the first point and thus do not reach the second.

Although the *Villenueve* reference was disclosed in defendant's preliminary invalidity contentions, it was listed in a general way, and not with sufficient particularity as to where in the article any specific limitation of the patent is disclosed. We find that insufficient under Patent Rule 6. The question thus becomes whether this failure is harmless due to sufficient disclosure having been made elsewhere in defendant's filings or expert reports. The government's opposition to the motion lists other instances of disclosure in its papers and reports. We have examined each, and in no instance found "where, in each item of alleged prior art each element of each asserted claim is found" with respect to the *Villenueve* reference. Patent Rule 6. The closest is in the claim chart appended to defendant's motion for summary judgment on invalidity. In it, *Villenueve* is listed for limitations 3 and 4 of the patent's claim 5. *See* ECF No. 201-10 at 16-17. That meets one half of the patent rule requirement, but not the other. Plaintiff is not on notice, based on this disclosure or any other, of where in *Villenueve* the particular limitations of the patent are taught. And, to the extent that defendant is listing the entirety of the reference as disclosing limitations 3 and 4, we find that insufficient. Neither the plaintiff, nor the court for that matter, should be left to guess at how the article is intended to be used as a prior art reference. It is extremely technical and over 10 pages long. A blanket citation in these circumstances is insufficient. Defendant will not be allowed to rely on the *Villenueve* reference at trial as prior art.

**Plaintiff's Motion in *Limine* #2**

Plaintiff's other motion *in limine*, number 2, also deals with prior art, or the lack of it. The issue is whether defendant's experts, Mr. Stocker and Dr. Salvador, may testify regarding prior art that is not otherwise in the record, or, as plaintiff puts it, offer unsubstantiated opinions. Plaintiff points out that both experts have spent their careers in the service of the government as contractors or employees and thus their assertions of fact regarding the field of art prior to the invention are, absent corroborating evidence, unreliable. Plaintiff asks that testimony in this regard not be allowed at trial.[3]

---

[3] Plaintiff also raises the issue that certain paragraphs from Mr. Stocker's report contain generic citations to references which are otherwise unexplained. At deposition, Mr. Stocker was pressed regarding these generic citations, and he answered only that this was consistent with the general practice in scientific literature. Plaintiff points out that expert reports, however, are held to a different standard, specifically RCFC 26(a)(2), which

4

The government disagrees on all points. It argues that there are no uncorroborated opinions and that, in any event, the issues raised by plaintiff are arguments for post-trial briefing, in that they go to the weight of the evidence and not its reliability or admissibility. Defendant also points out that the cases upon which plaintiff relies do not mandate the exclusion of uncorroborated expert testimony prior to trial. We agree on both points.

We are not in a position to decide whether certain paragraphs are corroborated or not. Defendant avers that many of the paragraphs highlighted as problematic by plaintiff are directed at PRISM or Archer, neither of which are in dispute with respect to whether they are prior art and both of which are evidenced in documents that will be offered at trial. Plaintiff replies that this is not made plain in the expert reports. We will have to hear Dr. Salvador and Mr. Stocker on these points. Similarly, the paragraphs that plaintiff complains of as containing only general citations, we are unprepared to exclude prior to trial. If the experts cannot tie those references to their testimony with any level of specificity, we will weigh that evidence accordingly. In any event, the experts will not be allowed to testify beyond what they disclosed prior to trial.

Further, none of the three cases principally relied upon in plaintiff's motion mandate the pretrial exclusion of uncorroborated expert opinions regarding prior art. In *Finnigan Corp. v. ITC*, the Federal Circuit reversed the Federal Trade Commission's finding that a patent was anticipated based on uncorroborated trial testimony from one witness. 180 F.3d 1354 (Fed. Cir. 1999). The circuit court strongly cautioned that uncorroborated testimony regarding an invention being practiced prior to the patent's priority date is insufficient to establish its invalidity. *Id.* at 1366-68. The point is well taken, but does not, in these circumstances mandate the exclusion of Stocker's or Salvador's opinions prior to trial. To the extent that their opinions are uncorroborated, that testimony will be insufficient to invalidate the patent. *See also TransWeb, LLC v. 3M Innovative Prop. Co.*, 812 F.3d 1295 (Fed Cir. 2016) (holding that corroborating evidence of an interested party's testimony regarding prior use of the invention in the field of art did

---

requires that the reports contain the "basis and "reasons" for the opinions contained therein, including "the facts or data considered by the witness in forming" his or her opinions. Having raised the issue only generally, citing to a few examples and without further elucidation of how the prose or citation is unclear, we view the issue as not properly joined for a ruling prior to trial. But we note that defendant's experts will be limited at trial to the opinions fully rendered and disclosed in their reports. New details beyond what is explicit or directly implied in the experts' reports, will not be allowed.

5

not require a claim-by-claim analysis of whether each limitation was corroborated by other evidence); *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368 (Fed. Cir. 1998) (reversing district court's finding of anticipation because there was no evidence to corroborate the testimony of interested parties' regarding prior use of the invention).

Indeed, the *TransWeb* case makes clear that the question of whether an interested party's testimony in this regard is corroborated is one of fact. 812 F.3d at 1302 (citing *Fleming v. Escort, Inc.*, 774 F.3d 1371, 1377 (Fed.Cir. 2014)). Several opinions have described this as a question of credibility, *i.e.*, that documentary evidence lends credence and believability to such testimony. *See, e.g.*, *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1171 (Fed.Cir.2006) (stating that corroboration is about credibility); *Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1350 (Fed.Cir.2001) ("all pertinent evidence is examined in order to determine whether the inventor's story is credible"). It is therefore inappropriate to take up prior to trial the question of whether Mr. Stocker's and Dr. Salvador's opinions are corroborated by other evidence. The Federal Circuit is clear that such a determination is based on the record as a whole, applying a "rule of reason" in which even circumstantial evidence is appropriate to corroborate testimony regarding prior use.[4] *Fleming*, 774 F.3d at 1377; *Transweb*, 774 F.3d at 1377. As stated above, defendant avers that many of these paragraphs are clearly references to pieces of prior art for which there is other documentary evidence. We are in no position to test that assertion now. The issue will be decided at trial.

II. Defendant's Motions

Plaintiff's motions resolved, we turn to defendant's. Defendant filed two motions *in limine*, which we deal with first. It also renewed its request to exclude Mr. Holzen's damages report and portions of Dr. Jones' testimony and portions of plaintiff's pretrial memorandum. As to the motions *in limine*, one concerns the admissibility of certain documents and portions of testimony from Dr. Basener, Mr. Stocker, along with all of the designated

---

[4] We note also that Dr. Salvador's copyright infringement opinions are not subject to the same corroboration requirement. Although copyright law often borrows from the realm of patent, especially as concerns damages, plaintiff did not cite any law, nor are we aware of any, requiring corroboration in the copyright infringement context. *Cf. Teradyne, Inc. v. Astronics Test Sys., Inc.*, No. CV 20-2713, at *2 (C.D.CA Sept. 29, 2023) (stating that corroboration of evidence in the copyright context was an issue for the fact finder).

deposition testimony of Mr. Evander.

**Documents**

There are three categories of documents sought to be excluded by defendant: 1) letters of recommendation for Dr. Basener; 2) emails to Dr. Basener from individuals at Mitre; and 3) documents originating from L3-Harris. We take each category in turn.

Regarding the letters of recommendation, defendant objects to their use at trial due to a lack of authenticity and on hearsay grounds. Although they concern Dr. Basener and his work with Ninja.pro, they are not addressed to him and are, at least in some instances, unsigned. Nor has plaintiff listed the purported authors of these documents on its witness list. Thus, per the government, the authenticity of those documents is not and cannot be established. Defendant also objects on the basis that each letter is an out of court statement offered for the truth of the matter asserted.

Plaintiff retorts that Federal Rule of Evidence ("FRE") 901 requires only the testimony of a witness with sufficient knowledge of the document to authenticate it; plaintiff offers Dr. Basener. Plaintiff also points out that, under FRE 901, other circumstantial evidence may be sufficient to authenticate a document. *See Air Land Forwarders, Inc. v. United States*, 38 Fed. Cl. 547, 554 (19987). Plaintiff argues that the hearsay exclusion does not apply because the letters will be offered as evidence of secondary indicia of non-obviousness, not for the truth of the matter asserted in the letter. Although that latter point is a fine distinction, it is enough for our purposes now, and we agree that plaintiff has the right, at trial, to attempt to present sufficient circumstantial or direct evidence to authenticate these documents. We will take up these objections at trial.

The second category of documents sought to be excluded are three emails received by Dr. Basener from employees of the Mitre Corporation. The government objects on the basis of hearsay. Plaintiff responds that, as to all three, they can be offered for reasons other than the truth of the matter asserted and that the present sense impression and state of mind exceptions applies to at least two of the emails. We will take these objections and responses up at trial in the context of the witnesses' testimony.

The third category consists of a number of documents, half of which have already been excluded by our order of March 19, 2024. The remaining 31 documents, all from the files of L3Harris, contain out of court statements, and thus the government objects on hearsay grounds. Defendant also objects

7

on foundation and authenticity grounds. Plaintiff responds that several of defendant's own witnesses will be able to authenticate and lay a foundation as they are former employees of an L3Harris subsidiary. Also, some of the documents were authored by those persons, asserts plaintiff. We agree that those objections will have to be taken up at trial. As to the hearsay objection, plaintiff argues that it is premature and that they may admissible as not coming in for the truth of the matter asserted. We agree that the issue is premature; it will be taken up at trial.[5] To the extent that any of the documents discussed above have been excluded by our order of March 19, 2024, however, they will not be allowed at trial.

**Testimony**

Defendant's second motion concerns certain areas of testimony it believes off limits for various reasons. There are three categories. The first concerns certain topics that plaintiff intends to explore with Dr. Basener. The government objects to his testifying regarding: 1) the conception and reduction to practice of the invention; 2) the construction and interpretation of the claims of the patent; 3) the level of ordinary skill in the art; 4) the scope and content of the prior art; 5) differences between that prior art and his invention; 6) and certain objective indicia of non-obviousness regarding the patent.

As to the conception and reduction to practice of the invention, although defendant argues that it is aimed at the issue of priority date, we believe there are other valid reasons for Dr. Basener to testify in this regard. He will thus be permitted to testify about the circumstances of his invention to the extent it is relevant as background and context for the invention.

The second area of testimony objected to is Dr. Basener's view of what the claim limitations mean. We agree with defendant that he should not not be permitted to testify about the meaning of the patent's terms. Although he may be a person of ordinary skill in the art, he has not been offered as an expert witness.

The third area is what the level of ordinary skill in the art entails. Dr. Basener will not be permitted to testify in this regard. That has already been defined and is no longer at issue.

---

[5] Plaintiff also represents that it is unlikely to introduce most of these 31 documents given intervening rulings on the government's dispositive motions.

8

The fourth subject of Dr. Basener's testimony to which defendant objects concerns the content of prior art. Here, again, Dr. Basener has not been offered as an expert, and although qualified to give such testimony, it would be unfair to defendant to permit him to do so because he has not authored an expert report. He will not be permitted to testify in this regard.

The same is true of the fifth category of testimony objected to: differences between the prior art and Dr. Basener's invention. He has not been offered as an expert and thus cannot testify in this regard.

As to factual testimony regarding secondary indicia, the result is different. To the extent that he has personal knowledge and the testimony does not run afoul of the government's assertion of the state secret privilege, he will be permitted to testify. This testimony does not require specialized, technical knowledge, and thus Dr. Basener does not need to have been offered as an expert on to be able to offer such testimony.

Lastly, defendant objects to the designated deposition testimony of Mr. Evander. His testimony concerns L3Harris' own efforts to copyright the NINJA software. Defendant argues that this is wholly irrelevant to any issue in the case. Although plaintiff disagrees, it admits that our ruling on the copyright validity motion has removed this particular issue from the case. Defendant's motion is thus granted as to Mr. Evander.

**Renewed Motion to Exclude**

That leaves us with defendant's response to plaintiff's revised damages report and proffer regarding secondary indicia of non-obviousness which comes with a renewed request to exclude based on the state secrets privilege. Defendant asks the court to exclude Mr. Holzen's Second Damages Report and portions of both plaintiff's proffer and associated sections of plaintiff's pretrial memorandum of fact and law. Defendant also filed an *in camera* brief in support of this request, which we have reviewed. In the government's view, plaintiff should not be given another chance to revise these materials to conform to the March 19 order because it has already failed at this task once.

We recognize plaintiff is in an awkward position. Although plaintiff knows the category of excluded materials, it does not know the reasoning and rationale behind the exclusion of those categories.[6] Nevertheless, we

---

[6] Plaintiff also does not know why some of its arguments in response to the government's effort to exclude are unavailing.

9

agree with defendant. We are satisfied that the second Holzen report and the identified portions of the proffer and pretrial memorandum run afoul of the four categories of excluded information listed in defendant's renewed motion to exclude. They must therefore be excluded and stricken from the docket.

We believe, however, that it would be fundamentally unfair, given the asymmetrical nature of the invocation of the privilege and its effect in this case, not to give plaintiff another opportunity to reform its damages analysis and proffer regarding secondary indicia, along with the corresponding sections of the pretrial memorandum.

III. Conclusion

In accordance with the foregoing, the following is ordered:

1. Plaintiff's motion *in limine* #2 (ECF No. 402) is denied.

2. Plaintiff's motion *in limine* # 3 (ECF No. 404) is granted in part as outlined above.

3. Plaintiff's motion *in limine* #6 (ECF No. 411) is granted.

4. Plaintiff's motion *in limine* #4 (ECF No. 405) and motion *in limine* #5 (ECF No. 412) are denied as moot.

5. Defendant's motion *in limine* to exclude certain exhibits (ECF No. 408) is denied.

6. Defendant's motion *in limine* to exclude certain testimony (ECF No. 409) is granted in part as detailed above.

7. Defendant's renewed motion to exclude the second Holzen damages report and portions of plaintiff's pretrial memorandum and proffer regarding secondary indicia of non-obviousness is granted.

8. The clerk's office is directed to strike and remove from the docket entry 442 and its attachments, entry 443, and the attachment to 466 (ECF No. 466-1).

9. Plaintiff is directed to serve a revised damages report and file a revised proffer regarding secondary indicia of non-obviousness and a revised pretrial memorandum on or before September 12,

2024. These documents must be conformed to exclude the categories of information excluded in or March 19 order, as further detailed in defendant's renewed motion to exclude (ECF No. 456).

10. Defendant is directed to file a response to those revised filings on or before October 3, 2024.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge
